*192 OPINION.
Seawell:
The issues raised by the pleadings are whether or not the respondent erred in failing and refusing to allow as deductions from gross income for the years 1920 and 1921 alleged bad debt items in the amounts of $3,519.25 and $571.16, respectively, and whether the petitioner is entitled to classification as a personal service corporation in said years. At the hearing, the respondent conceded error in refusing to allow the aforesaid bad debt item.
In reference to the claim for personal service classification, the applicable law for the years 1920 and 1921 is found in section 200 of the Revenue Acts of 1918 and 1921, respectively. In order to qualify as a personal service corporation, the section requires such corporation to meet these tests: (1) The income of the corporation must be ascribed primarily to the activities of the principal owners or stockholders; (2) such principal owners or stockholders must themselves be regularly engaged in the active conduct of the affairs of the corporation; (3) capital, whether invested or borrowed, must not be a material income-producing factor; and (4) gains, profits or *193 income derived from trading as a principal, or gains, profits, commissions or other income, derived from a Government contract or contracts made between April 6, 1917, and November 11, 1918, inclusive, must not amount to or exceed 50 per centum of the gross income. A failure to comply with any one of these requirements is fatal to a claim for personal service corporation classification. Mitchell Advertising Agency, Inc., 10 B. T. A. 1311, and Mac Martin Advertising Agency, Inc., 11 B. T. A. 162.
The evidence is clear that the petitioner did not derive gains, profits or income from trading as a principal or derive such, or commissions or other income, from a Government contract or contracts made during the statutory period above mentioned.
The respondent at the hearing conceded that capital was not a material income-producing factor. It only remains, therefore, for this Board to consider and determine, in the circumstances of the instant case, whether the income of the petitioner is to be ascribed primarily to the activities of the principal owners or stockholders and whether such principal owners or stockholders were themselves, during the taxable years in question, regularly engaged in the active conduct of the affairs of the corporation.
The evidence shows that Finney and his wife were, during both years in question, the principal stockholders, Frank Finney being the president and his wife the treasurer of the petitioner. Both are shown to have been active in the conduct of the business of the corporation and, in view of what the evidence shows they did, were, in our opinion, and must nesessarily have been, in the sense of the statute, regularly engaged in the conduct of the affairs of the corporation. All that was done in the conduct and operation of the business was under the direction and supervision of Frank Finney, the president, who closed all contracts — a most important function.
The petitioner’s manner of conducting its business was not materially different from numerous other advertising agencies which we have held entitled to personal service classification.
We are of the opinion, therefore, that petitioner is entitled to such classification, the evidence showing that petitioner’s income during 1920 and 1921 is to be ascribed primarily to the activities of Fin-ney and his wife, the principal stockholders, who were themselves during such years regularly engaged in the active conduct of the affairs of the corporation.
Our determination herein is in accordance with and controlled by our decisions in Mitchell Advertising Agency, Inc., supra; Mac Martin Advertising Agency, Inc., supra; H. K. McCann Co., 14 B. T. A. 234, 251; Snitzler-Warner Co., 16 B. T. A. 342; Federal Advertising Agency, Inc., 19 B. T. A. 1126.

Judgment will he entered wnder Rule 50.